FILED
JAMES BONINI
CLERK

09 MAR 16 AM 11: 36

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
W. DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| R+L CARRIERS, INC.<br>600 Gillam Road<br>Wilmington, Ohio 45177,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERPRISE INFORMATION<br>SOLUTIONS, INC.<br>4910 Main Street<br>Downers Grove, Illinois 60515<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: **1:09CV190**<br><br>JUDGE  WEBER, A.<br><br>Jury Demand Endorsed Herein |

## COMPLAINT FOR PATENT INFRINGEMENT

R+L Carriers, Inc. ("R+L") states the following for its complaint against Enterprise Information Solutions, Inc. ("EIS").

### Nature of the Action

1. This is an action for patent infringement in violation of 35 U.S.C. § 271(b) and (c).

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has general personal jurisdiction over EIS because of its continuous and systematic contacts with the State of Ohio. On its own website, EIS acknowledges that it maintains significant business relationships with FedEx Custom Critical, an Ohio corporation

(f/k/a Roberts Express) that specializes in same-day shipping and overnight delivery of critical freight. In addition, EIS acknowledges on its website that it maintains business relationships with entities that, upon information and belief, conduct substantial business in the state of Ohio, including, but not limited to, Motorola, AT&T, Public Storage and Qualcomm. Upon information and belief, EIS's relationships with these entities include business activity within the State of Ohio.

4. Upon information and belief, this Court has specific personal jurisdiction over EIS because it has caused and induced others to use its custom applications for the transportation and trucking industry, including but not limited to, the EIS Transportation Management Application for LTL Operations and the EIS Transportation Solution Set, within the state of Ohio in a manner that infringes on a patent owned by R+L, causing R+L harm and tortious injury in this judicial district.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(d) and 1400(b).

## The Parties

6. R+L is a corporation organized and existing under the laws of the State of Ohio, and has its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177.

7. Upon information and belief, EIS is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 4910 Main Street, Downers Grove, IL 60515.

## The Infringed Patent

8. The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,401,078 B1 ("the '078 Patent") entitled "Bill of Lading Transmission and

Processing System for Less Than a Load Carriers" on June 4, 2002. A copy of the '078 Patent is attached as Exhibit A.

9. The '078 Patent claims a process directed to the transfer of shipping documentation for a package (freight) to a processing center. In particular, documentation for a package is scanned and transmitted wirelessly to a remote processing center. The processing center then prepares a loading manifest that includes the package, prior to the package being removed from the transporting vehicle.

10. R+L owns all right, title and interest in the '078 Patent via assignment.

## Actions Giving Rise to this Complaint

11. EIS is a systems integration and computer engineering services firm that provides technological solutions to clients in the transportation and trucking industry.

12. Upon information and belief, EIS develops custom applications for its customers in the transportation and trucking industry. According to its website, EIS developed a system for N&M Transfer that included the "deployment of onboard fax machines used to capture [bills of lading]" and that "supported pickup entry, dispatch and order entry functions plus data exchange processes."

13. Upon information and belief, EIS has also developed an onboard computing application as an extension of the EIS Transportation Solution Set. According to its website, EIS created this application "to allow the sending of pickup and delivery assignments to the cab and collect real-time pickup and delivery confirmations while drivers are on the road." EIS promotes this application as one that enables dispatchers to "direct the operation of many more trucks in the field."

3

14. On or about September 24, 2008, R+L sent EIS a cease and desist letter regarding the sale of EIS's transportation applications ("Cease and Desist Letter"). The Cease and Desist Letter advised EIS that R+L is the owner of the '078 Patent, and enclosed a copy of the '078 Patent. The Cease and Desist Letter informed EIS that R+L was aware that EIS was "promoting the use of the device/application to motor carriers to remotely transmit shipping documents from a vehicle to a remote processing facility." After advising EIS that R+L aggressively protects its valuable intellectual property rights, the Cease and Desist Letter requested that EIS provide R+L with sufficient information regarding EIS's product to allow R+L to dispel its concerns of infringement.

15. On or about September 25, 2008, EIS contacted R+L's counsel by phone, but failed to refute R+L's concerns of infringement. EIS did not respond in writing to the Cease and Desist Letter.

16. Thus, upon information and belief, EIS is contributing to and actively inducing the infringement of the '078 Patent by marketing and selling its custom applications for the transportation and trucking industry, and encouraging motor carriers to remotely transmit shipping documents from onboard a motor vehicle to a remote processing facility. There, a loading document is prepared that includes the further transport of goods on another vehicle. EIS does so without leave or license of R+L, and in violation of R+L's rights.

## COUNT I---CONTRIBUTORY INFRINGEMENT

17. R+L repeats and realleges the allegations contained in paragraphs 1-16 above as if fully set forth herein.

18. Upon information and belief, EIS knowingly sells and offers to sell custom applications for the transportation and trucking industry to customers who use them in

4

conjunction with other applications and processes, and in a manner that infringes on the patented process claimed in the '078 Patent. EIS's conduct amounts to contributory infringement in violation of 35 U.S.C. § 271(c).

19. Upon information and belief, EIS has profited and will continue to profit from contributing to the infringement of the '078 Patent.

20. EIS's actions with regard to contributing to the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

21. Further, the actions of EIS with regard to contributing to the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

### COUNT II—ACTIVE INDUCEMENT OF INFRINGEMENT

22. R+L repeats and realleges the allegations contained in paragraphs 1-21 above as if fully set forth herein.

23. Upon information and belief, EIS knowingly encourages and intends for its customers to use its custom applications for the transportation and trucking industry in conjunction with other applications and processes, and in a manner that infringes on the patented process claimed in the '078 Patent. EIS's conduct amounts to active inducement of infringement in violation of 35 U.S.C. § 271(b).

24. Upon information and belief, EIS has profited and will continue to profit from actively inducing the infringement of the '078 Patent.

25. The actions of EIS with regard to actively inducing the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

26. Further, the actions of EIS with regard to actively inducing the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

## **Demand for Relief**

WHEREFORE, R+L respectfully requests that this Court enter judgment as to both counts as follows:

A. Declare that R+L is the owner of the '078 Patent and that the '078 Patent is valid and enforceable;

B. Preliminarily and permanently enjoin EIS, its employees and agents, and any others acting in concert with EIS, from contributing to and/or actively inducing the infringement of the '078 Patent;

C. Award R+L its damages resulting from EIS's contribution to and active inducement of the infringement of the '078 Patent;

D. Award R+L treble damages pursuant to 35 U.S.C. § 284 as a result of EIS's willfulness in contributing to and actively inducing the infringement of the '078 Patent;

E. Declare that the nature of EIS's infringement is "exceptional" pursuant to 35 U.S.C. § 285 and award R+L its costs and attorney fees; and

F. Grant R+L such other relief as is just and proper.

## **Jury Demand**

R+L demands a trial by jury to the extent permitted by applicable law.

_____
Anthony C. White      (0062146)

(0040109)

Respectfully submitted,

*(signature)* (0040109)
_____
Anthony C. White    (0062146)
O. Judson Scheaf, III    (0040285)
Philip B. Sineneng    (0083406)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Tel:    (614) 469-3200
Fax:    (614) 469-3361
Tony.White@ThompsonHine.com
Jud.Scheaf@ThompsonHine.com
Philip.Sineneng@ThompsonHine.com

Megan D. Dortenzo    (0079047)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel:    (216) 566-5500
Fax:    (216) 566-5800
Megan.Dortenzo@ThompsonHine.com

*Attorneys for Plaintiff R+L Carriers, Inc.*

609301

7