IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| R+L CARRIERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:09-cv-00190-SSB |
| | ) | |
| v. | ) | Judge  Sandra S. Beckwith |
| | ) | |
| ENTERPRISE INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ENTERPRISE INFORMATION SOLUTIONS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Enterprise Information Solutions, Inc. ("EIS") answers plaintiff, R+L Carriers, Inc. ("R+L"), complaint for patent infringement as follows:

**Nature of the Action**

1.     This is an action for patent infringement in violation of 35 U.S.C. §271(b) and (c).

**RESPONSE**:

Admitted that Plaintiff has alleged a claim of patent infringement  under 35 U.S.C. §271(b) and (c).  Otherwise, denied.

**Jurisdiction and Venue**

2.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE**:

Admitted.

3.     This Court has general personal jurisdiction over EIS because of its continuous and systematic contacts with the State of Ohio.  On its own website, EIS acknowledges that it maintains significant business relationships with FedEx Custom Critical, an Ohio corporation (f/k/a Roberts Express) that specializes in same-day shipping and overnight delivery of critical freight.  In addition, EIS acknowledges on its website that it maintains business relationships with entities that, upon information and belief, conduct substantial business in the state of Ohio, including, but not limited to, Motorola, AT&T, Public Storage and Qualcomm.  Upon

information and belief, EIS's relationships with these entities include business activity within the State of Ohio.

**RESPONSE:**

Denied.

4.  Upon information and belief, this Court has specific personal jurisdiction over EIS because it has caused and induced others to use its custom applications for the transportation and trucking industry, including but not limited to, the EIS Transportation Management Application for LTL Operations and the EIS Transportation Solution Set, within the state of Ohio in a manner that infringes on a patent owned by R+L, causing R+L harm and tortious injury in this judicial district.

**RESPONSE:**

Admitted that this Court has specific personal jurisdiction over EIS for this matter.  All other allegations of paragraph 4 are denied.

5.  Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(d) and 1400(b).

**RESPONSE:**

Admitted.

## The Parties

6.  R+L is a corporation organized and existing under the laws of the State of Ohio, and has its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177.

**RESPONSE:**

EIS is without information sufficient to admit or deny the allegations set forth in paragraph 6, and, therefore denies the same.

7.  Upon information and belief, EIS is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 4910 Main Street, Downers Grove, IL  60515.

**RESPONSE:**

Admitted.

## The Infringed Patent

8.  The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,401,078 B1 ("the '078 Patent") entitled "Bill of Lading Transmission and

Processing System for Less Than a Load Carriers" on June 4, 2002. A copy of the '078 Patent is attached as Exhibit A.

**RESPONSE:**

Denied.

9. The '078 Patent claims a process directed to the transfer of shipping documentation for a package (freight) to a processing center. In particular, documentation for a package is scanned and transmitted wirelessly to a remote processing center. The processing center then prepares a loading manifest that includes the package, prior to the package being removed from the transporting vehicle.

**RESPONSE:**

Denied.

10. R+L owns all right, title and interest in the '078 Patent via assignment.

**RESPONSE:**

Admitted that the front page of the '078 Patent identifies "R & L Carriers" as the "Assignee." Otherwise, denied.

**Actions Giving Rise to this Complaint**

11. EIS is a systems integration and computer engineering services firm that provides technological solutions to clients in the transportation and trucking industry.

**RESPONSE:**

Admitted.

12. Upon information and belief, EIS develops custom applications for its customers in the transportation and trucking industry. According to its website, EIS developed a system for N&M Transfer that included the "deployment of onboard fax machines used to capture [bills of lading]" and that "supported pickup entry, dispatch and order entry functions plus data exchange processes."

**RESPONSE:**

Admitted that EIS develops applications for its customers. Otherwise, denied.

13. Upon information and belief, EIS has also developed an onboard computing application as an extension of the EIS Transportation Solution Set. According to its website, EIS created this application "to allow the sending of pickup and delivery assignments to the cab and collect real-time pickup and delivery confirmations while drivers are on the road." EIS promotes

this application as one that enables dispatchers to "direct the operation of many more trucks in the field."

**RESPONSE:**

Denied.

14.     On or about September 24, 2008, R+L sent EIS a cease and desist letter regarding the sale of EIS's transportation applications ("Cease and Desist Letter"). The Cease and Desist Letter advised EIS that R+L is the owner of the '078 Patent, and enclosed a copy of the '078 Patent. The Cease and Desist Letter informed EIS that R+L was aware that EIS was "promoting the use of the device/application to motor carriers to remotely transmit shipping documents from a vehicle to a remote processing facility." After advising EIS that R+L aggressively protects its valuable intellectual property rights, the Cease and Desist Letter requested that EIS provide R+L with sufficient information regarding EIS's product to allow R+L to dispel its concerns of infringement.

**RESPONSE:**

Admitted that on September 24, 2008, R+L sent EIS a letter. Otherwise, denied.

15.     On or about September 25, 2008, EIS contacted R+L's counsel by phone, but failed to refute R+L's concerns of infringement. EIS did not respond in writing to the Cease and Desist Letter.

**RESPONSE:**

Admitted that on or about September 25, 2008, EIS contacted R+L's counsel by phone. Otherwise, denied.

16.     Thus, upon information and belief, EIS is contributing to and actively inducing the infringement of the '078 Patent by marketing and selling its custom applications for the transportation and trucking industry, and encouraging motor carriers to remotely transmit shipping documents from onboard a motor vehicle to a remote processing facility. There, a loading document is prepared that includes the further transport of goods on another vehicle. EIS does so without leave or license of R+L, and in violation of R+L's rights.

**RESPONSE:**

Denied.

## COUNT I – Contributory Infringement

17.     R+L repeats and realleges the allegations contained in paragraphs 1-16 above as if fully set forth herein.

**RESPONSE:**

EIS repeats the responses contained in paragraphs 1-16 above as if fully set forth herein.

18.     Upon information and belief, EIS knowingly sells and offers to sell custom applications for the transportation and trucking industry to customers who use them in conjunction with other applications and processes, and in a manner that infringes on the patented process claimed in the '078 Patent.  EIS's conduct amounts to contributory infringement in violation of 35 U.S.C. § 271(c).

**RESPONSE:**

Denied.

19.     Upon information and belief, EIS has profited and will continue to profit from contributing to the infringement of the '078 Patent.

**RESPONSE:**

Denied.

20.     EIS's actions with regard to contributing to the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

**RESPONSE:**

Denied.

21.     Further, the actions of EIS with regard to contributing to the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

**RESPONSE:**

Denied.

**COUNT II – Active Inducement of Infringement**

22.     R+L repeats and realleges the allegations contained in paragraphs 1-21 above as if fully set forth herein.

**RESPONSE:**

EIS repeats the responses contained in paragraphs 1-21 above as if fully set forth herein.

23.     Upon information and belief, EIS knowingly encourages and intends for its customers to use its custom applications for the transportation and trucking industry in conjunction with other applications and processes, and in a manner that infringes on the patented

process claimed in the '078 Patent.  EIS's conduct amounts to active inducement of infringement in violation of 35 U.S.C. § 271(b).

**RESPONSE:**

Denied.

24.     Upon information and belief, EIS has profited and will continue to profit from actively inducing the infringement of the '078 Patent.

**RESPONSE:**

Denied.

25.     The actions of EIS with regard to actively inducing the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

**RESPONSE:**

Denied.

26.     Further, the actions of EIS with regard to actively inducing the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

**RESPONSE:**

Denied.

## AFFIRMATIVE DEFENSES

1.     R+L's complaint fails to state a claim upon which relief can be granted.

2.     EIS has neither infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor induced others to infringe, any of the asserted claim(s) of the '078 patent.

3.     Each claim of the '078 patent is invalid for failure to comply with one or more of the requirements of Title 35 including, without limitation, §§ 101, 102, 103 and 112 thereof.

4.     The asserted claim(s) of the '078 patent cannot be enforced against EIS under the doctrine of prosecution history estoppels, and R+L is stopped from asserting any claim of the '078 patent covers the accused EIS application and/or process.

5.      R+L's claim is barred by the doctrines of laches and estoppel.

6.      R+L is not entitled to any damages under 35 U.S.C. §§ 284 and 286.

7.      EIS reserves the right to supplement its affirmative defenses as discovery progresses.

## REQUESTED RELIEF

WHEREFORE, EIS requests that a judgment be entered as follows:

A.      The dismissal, with prejudice, of R+L's complaint.

B.      A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and an award to EIS of its attorneys' fees and expense incurred in this suit.

## JURY DEMAND

EIS hereby demands a trial by jury on all issues triable to a jury in this suit.

Respectfully submitted,

/s/ Richard L. Creighton, Jr.
Richard L. Creighton, Jr. (0021806)
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Tel: (513) 579-6400
Fax: (513) 579-6457
rcreighton@kmklaw.com

Dean D. Niro
Douglas M. Hall
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Tel: (312) 236-0733
Fax:  (312) 236-3137
dniro@nshn.com
dhall@nshsn.com

Attorneys for Enterprise Information
Solutions, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT ENTERPRISE INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail this __1st__ day of June, 2009 to the following:

Anthony C. White (Tony.White@ThompsonHine.com)
O. Judson Scheaf, III (Jud.Scheaf@ThompsonHine.com)
Philip B. Sineneng (Philip.Sineneng@ThompsonHine.com)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, OH  43215-6101
Phone:  (614) 469-3200
Fax:  (614) 469-3361

Megan D. Dortenzo (Megan.Dortenzo@ThompsonHine.com)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114
Phone:  (216) 566-5500
Fax:  (216) 566-5800

**Counsel for Plaintiff R+L Carriers, Inc.**


/s/  Richard L. Creighton, Jr.
Richard L. Creighton, Jr.

2982620.1